An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CAMERON MORRISSEY, AN INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ADRIANA ESCOBAR, DISTRICT JUDGE,
Respondents,
and
LISA CHAMLEE,
Real Party in Interest.

No. 66837

**FILED**

DEC 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging the district court's imposition of sanctions on petitioner.[1]

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction.

---

[1]Although the petition addresses the disqualification of petitioner's counsel, it does so only in the context of challenging the imposition of sanctions on petitioner.

14 - 41647

NRS 34.320. Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Writ relief is generally available only when there is no plain, speedy, and adequate remedy in the ordinary course of law, NRS 34.170; NRS 34.330, and the right to an appeal is typically deemed an adequate legal remedy precluding writ relief. *Pan*, 120 Nev. at 224, 88 P.3d at 841.

Having considered the petition and appendix filed in this matter, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. *Id.; Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see also* NRAP 21(b)(1). Here, petitioner has an adequate and speedy legal remedy in that the district court's sanction award can be challenged in the context of an appeal from the ultimate final judgment in the case below. Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

---

[2]In light of this order, we deny as moot all requests for relief pending in this matter. The clerk of this court shall therefore return, unfiled the documents that real party in interest sought to file under seal, which are attached to real party in interest's December 3, 2014, motion to seal.

cc:    Hon. Adriana Escobar, District Judge
Kang & Associates PLLC
Stovall & Associates
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A